IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MCNICKLES, § | | |
| TDCJ-CID NO. 1388721, § | | |
|     Petitioner, § | | |
| v. § | | CIVIL ACTION NO. H-10-3493 |
| § | | |
| RICK THALER, § | | |
|     Respondent. § | | |

OPINION ON DISMISSAL

Petitioner Carlos McNickles, a state inmate proceeding *pro se* and *in forma pauperis*, seeks federal habeas relief from a disciplinary conviction in case number 20100213436. (Docket Entry No.1, page 1). Petitioner indicates that, as a result of such conviction, he lost forty-five days of commissary privileges, was restricted to his cell for forty-five days, had his class line status remain at L-3, and lost 365 days of good conduct credit. (*Id.*, page 2). Petitioner is entitled to release on mandatory supervision. (Docket Entry No.9-1, page 3).

Respondent has filed a motion for summary judgment (Docket Entry No.9), to which petitioner has filed a response. (Docket Entry No.11). For reasons to follow, the Court will grant respondent's motion for summary judgment and dismiss this habeas action.

I. BACKGROUND

Petitioner is serving a twenty-year sentence from a conviction for the manufacture or delivery of a controlled substance in the 351st Criminal District Court of Harris County, Texas, in cause number 1045035. (Docket Entry No.9-1, page 3). At issue in the present action is the disciplinary conviction that petitioner received for participating in a riot on March 31, 2010. (Docket Entry No.10, page 3).

1

Petitioner claims that he did not participate in the riot and gives the following account of the events that took place. While he was eating he heard someone yell "fight" and saw a lot of offenders rush to the door where Officer Lane was located. (Docket Entry No.1, page 1). Petitioner, however, put up his tray and moved to the opposite side of the room away from the commotion. (*Id.*). He smelled a chemical spray and saw offenders run from the door. (*Id.*). A few seconds later, a "goon squad" entered the dining hall and shouted for offenders to lie down. Petitioner immediately complied. (*Id.*). Minutes later, a gas gun was shot directly in the crowd. (*Id.*). As the smoke cleared, each offender was restrained and escorted to the gym to be checked by the medical department; once at the gym, the inmates were identified and sent to their assigned housing. (*Id.*). Thereafter, medium custody offenders or G-4 offenders, like petitioner, were charged with the disciplinary violation of engaging in a riot. (*Id.*).

Petitioner was notified of the disciplinary charge on April 6, 2010, and attended the disciplinary hearing on April 12, 2010. (*Id.*, page 2). At the hearing, petitioner's counsel-substitute questioned Lt. Landrum, the charging officer, as to how he could have seen petitioner throwing "stuff" in the dining hall while the officer was restraining another inmate in the hall. (*Id.*). Landrum said that he was relieved to assist in the dining hall. (*Id.*). Landrum, however, could not identify petitioner. (*Id.*). Counsel-substitute attempted to question Landrum as to whether he could positively identify petitioner as one of the participants in the riot but the hearing officer interrupted Landrum's responses to the questions. (*Id.*). Two other written statements were read into the record; neither statement indicated that petitioner was positively identified as one of the rioters. (*Id.*). Officer Lane's written statement indicated that petitioner was not in Lane's area when the commotion ensued, but the hearing officer found Lane's statement to be evidence that petitioner was participating in the riot. (*Id.*). Petitioner was denied evidence in his defense. (*Id.*).

Petitioner indicates that he grieved the disciplinary proceedings but his grievances were denied. (*Id.*). He seeks federal habeas relief in this action on the ground that his due process rights were violated as follows:

1. The evidence was insufficient to support the disciplinary conviction; and,

2. The hearing officer

    a. found him guilty without some evidence to support the conviction,

    b. withheld evidence pertinent to petitioner's defense,

    c. cut off the charging officer's response to petitioner's questions regarding petitioner's participation in the riot, and

    d. withheld video footage that might have shown that petitioner was not a participant in the riot.

(Docket Entry No.1).

Respondent moves for summary judgment on the ground that petitioner's claims are unexhausted and procedurally barred. (Docket Entry No.9). Alternatively, respondent moves for summary judgment on the ground that petitioner's claims are without legal merit. (*Id.*).

## II. ANALYSIS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park,*

*Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

A state inmate must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), (c). Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies).

Petitioner complained in Step 1 Grievance Number 2010135249, dated April 11, 2010, the day before the disciplinary hearing, that Lt. Landrum falsified records and reports by

4

stating that he saw petitioner throw trays and cups in the chow hall even though records show that Landrum was in the hall restraining another inmate at the exact same time. (Docket Entry No.10-1, page 3). Petitioner indicated that video footage would confirm that he did not participate in the riot. (*Id.*). He also complained that Landrum discriminated against him as a medium custody or G-4 inmate because Landrum charged only medium custody inmates with the offense and not G-2 inmates. (*Id.*). The grievance was denied on April 28, 2010, on the ground that there was sufficient evidence to support the conviction. (*Id.*, page 4).

In Step 1 Grievance No.2010137315, dated April 15, 2010, petitioner complained that Captain Forrest, the disciplinary hearing officer, found him guilty of the disciplinary violation on April 12, 2010, based on non-frivolous evidence that contradicted Lt. Landrum's case. (*Id.*, page 5). He complained that Captain Forrest interrupted Landrum's answers to counsel-substitute's questions and that she answered the questions for Landrum. (*Id.*, page 6). He also complained that Forrest denied him the video footage of the riot on the ground that the camera would not have recorded the entire riot given the size of the area in which it occurred. (*Id.*). The grievance was returned unprocessed as redundant and submitted in excess of seven days. (*Id.*).

In Step 2 Grievance Number 2010135249, dated April 25, 2010, but marked as received on May 27, 2010, petitioner indicated that he was appealing the denial of the first grievance, in which he complained that Landrum had falsified records and discriminated against G-4 inmates. (*Id.*, page 7). He complained again about the insufficiency of the evidence to support the conviction because there was no positive eyewitness evidence that he participated in the riot. (*Id.*, page 8). The grievance was denied because the grievable time period had expired. (*Id.*).

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Moreover, an administrative grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.* at 522 (noting that "[i]n deciding how much detail is required in a given case . . . , a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally'").

In his response to the motion for summary judgment, petitioner contends that he attempted to exhaust his administrative remedies but was thwarted by the incompetency of the Ferguson Unit's grievance investigators. Petitioner explains that he filed Step 1 Grievance Number 2010135249 before the disciplinary hearing to complain that Lt. Landrum had falsified documents and engaged in official oppression and substandard performance of duty. (Docket Entry No.11, page 1). After the disciplinary hearing, he submitted Step 1 Grievance Number 2010137315 to appeal the disciplinary conviction, but the grievance investigator erroneously processed Step 1 Grievance Number 2010135249 as the appeal of the disciplinary conviction. (*Id.*, page 2). Consequently, the grievance investigator labeled the Step 1 Grievance Number 2010137315, appealing the disciplinary conviction, as redundant and returned it to petitioner. (*Id.*).

Petitioner indicates that he returned the unprocessed grievance along with a letter[1] explaining the situation and submitted Step 2 Grievance No.201013715 to the grievance department. (Docket Entries No.1, page 11; No.11, page 2). Petitioner was notified via an inter-office communication, stamped as received on May 20, 2010, that he could not submit a Step 2

---

[1] The letter is stamped received on May 27, 2010. (Docket Entry No.1, page 11).

appeal of Step 1 Grievance No. 2010137315 that had been returned to him as unprocessed. (Docket Entry No.1, page 12). Thereafter, petitioner filed Step 2 Grievance No. 2010135249, which was denied as outside the grievable time period. (*Id.*, pages 17-18). Petitioner does not dispute that the grievance was filed outside the grievable time period.

Petitioner's explanation does not reflect that circumstances with respect to the Ferguson Unit's grievance department prevented him from exhausting his administrative remedies. Petitioner's failure to appeal the disciplinary conviction was self-inflicted because he filed two Step 1 grievances complaining about the disciplinary charge and the disciplinary conviction within days of each other. His failure to appeal the denial of the only processed Step 1 Grievance regarding the false disciplinary charge was also self-inflicted. Petitioner did not submit a timely Step 2 Grievance; therefore, his claims were not addressed on the merits by TDCJ staff. Because petitioner did not complete the grievance process in a procedurally correct or timely manner, he failed to exhaust his administrative remedies with respect to the present claims.

Respondent maintains that petitioner's claims are also procedurally barred because any attempt to exhaust such claims through the prison grievance system would be rejected as untimely. (Docket Entry No.9). When the petitioner's own procedural default leaves state remedies for a petitioner's claims unavailable, federal courts are barred from reviewing those claims. *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998). A petitioner, however, may overcome the procedural default bar if he "can demonstrate cause for the defaults and actual prejudice as a result of the alleged violation of federal law" or else show that "failure to consider the claims will result in a fundamental miscarriage of justice." *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005).

Petitioner does not attempt to overcome the procedural bar in any of his pleadings except to the extent that he claims that he is actually innocent of the disciplinary charge. (Docket Entry No.11). "The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). "Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Id*. Petitioner presents nothing new that was not considered at the disciplinary hearing to show that he is innocent of the disciplinary offense; therefore, he fails to overcome the procedural bar to federal habeas review. *Cf. Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (requiring petitioner to support allegations of innocence with new, reliable evidence that had not been presented at trial and demonstrate that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence).

Accordingly, respondent is entitled to summary judgment on all of petitioner's unexhausted and procedurally barred claims in the present action. Therefore, the Court declines to address respondent's alternative summary judgment ground that petitioner's claims are without merit.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's ruling debatable. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

The Court finds that the respondent is entitled to summary judgment as a matter of law on petitioner's unexhausted claims. The Court, therefore, ORDERS the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No.9) is GRANTED.

2. This petition is DISMISSED with prejudice.

3. A certification of appealability from this decision is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of the Order to the parties.

SIGNED at Houston, Texas, this 21st day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE